IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

EUGENE JAMES HOLBERT II,

        Defendant.

No. 3:14-cr-00337-01-HZ
(3:16-cv-01327-HZ)

OPINION & ORDER

Billy J. Williams
United States Attorney
Leah K. Bolstad
Assistant United States Attorney
U.S. Attorney's Office, District of Oregon
1000 SW Third Ave., Suite 600
Portland, OR 97204

        Attorneys for Plaintiff

///

///

1 – OPINION & ORDER

Eugene James Holbert II
Fed. Reg. No. 76437-065
Federal Correctional Institution—La Tuna
P.O. Box 3000
Anthony, TX 79821

    Pro Se Defendant

HERNÁNDEZ, District Judge:

Defendant Eugene James Holbert II brings a motion for relief under 28 U.S.C. § 2255, alleging that his 120-month sentence was imposed in violation of the United States Constitution and must be vacated or set aside. Specifically, Defendant contends that the Supreme Court's recent decisions in Johnson v. United States, 135 S. Ct. 2551 (2015) and Welch v. United States, 136 S. Ct. 1257 (2016) render his sentence unconstitutional. Because Johnson and Welch do not apply to Defendant's case, the Court denies his motion.

## BACKGROUND

On January 20, 2015, Defendant pled guilty to two counts of a Superseding Information: (1) Count 1—Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and (2) Count 3—Possession of a Firearm in Furtherance of Drug Trafficking in violation of 21 U.S.C. §§ 2 and 924(c). Tr. 51, 54. The Court held a sentencing hearing on May 4, 2015. Tr. 94. The Court sentenced Defendant to a 60-month sentence on Count 1, followed by a consecutive 60-month sentence on Count 3, all followed by a 4-year term of supervised release, a forfeiture of $251,098 in U.S. currency, and a $200 fee assessment. Tr. 95. Judgment was entered on May 5, 2015. Id. Defendant did not appeal. Defendant filed the present Section 2255 motion *pro se* on June 28, 2016.

2 – OPINION & ORDER

DISCUSSION

Defendant seeks to vacate his sentence based on his claim that Johnson renders 18 U.S.C. § 924(c) unconstitutional. However, Johnson does not apply to Defendant's case.

Defendant was convicted, in relevant part, under 18 U.S.C. § 924(c)(1)(A)(i), which provides for a mandatory minimum sentence for a person who possesses a firearm in furtherance of a "crime of violence" or a drug trafficking crime. Section 924(c)(3) goes on to define "crime of violence" as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" ("use-of-physical-force clause"); or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause").

In Johnson, the Supreme Court held that language in the residual clause of § 924(e)(2)(B)(ii), which defines a violent felony under the Armed Career Criminal Act (ACCA) was unconstitutionally vague. 135 S. Ct. at 2555. The Supreme Court then held, in Welch, that Johnson applied retroactively, effectively invalidating all past sentencing decisions that applied the ACCA mandatory minimum sentence based on convictions for violent felonies that could only be defined as such under the residual clause. 578 U. S. at 1.

Construing Defendant's motion liberally, his argument appears to be that, because Johnson held that the residual clause was unconstitutional in the ACCA, then the similar residual clause in the statute under which Defendant was sentenced must also be unconstitutional. However, because Defendant was convicted of possessing a firearm in furtherance of a drug trafficking crime, not a "crime of violence," the residual clause in § 924(c) played no role in Defendant's sentence. Similarly, the fact that Johnson invalidated the residual clause found in 18

3 – OPINION & ORDER

U.S.C. § 924(e)(2)(B) has no impact on Defendant's case. Therefore, Defendant's argument is unavailing.

## CONCLUSION

Defendant's motion for relief under Section 2255 [125] is denied. The Supreme Court's decisions in Johnson and Welch did not render Defendant's sentence unconstitutional.

IT IS SO ORDERED.

Dated this __28__ day of __November__, 2016.

_____
MARCO A. HERNÁNDEZ
United States District Judge

4 – OPINION & ORDER